UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CENTRAL   TRANSPORT   INTERNATIONAL,
INC.,

                 Plaintiff,

vs.                      Case No.  2:06-cv-401-FtM-29SPC

GLOBAL ADVANTAGE DISTRIBUTION, INC.;
GENERAL   ELECTRIC   COMPANY;   OSRAM
SLYVANIA, INC.,

                 Defendants.
_____

**OPINION AND ORDER**

_____This matter comes before the Court on review of plaintiff's Objections (Doc. #113) to the United States Magistrate Judge's September 7, 2007 Order (Doc. #102) and September 11, 2007 Order (Doc. #103).  Defendants filed a Response (Doc. #115) on October 5, 2007.  More specifically, plaintiff has filed the following objections:  (1) to the denial of its Motion for Sanctions for Failing to Appear at Mediation; (2) to the denial of its Motion to Strike Defendant Osram Sylvania Product's Motion to Compel Discovery; and (3) to the granting in part of Osram Sylvania Product's Motion to Compel Discovery.

Pursuant to 28 U.S.C. § 636(b)(1)(A), the Court may reconsider or review the Magistrate Judge's Order on a pretrial matter if shown that it was clearly erroneous or contrary to law.  See also FED. R. CIV. P. 72(a).  Pretrial orders are not subject to a *de novo*

review.   See Merritt v. International Broth. of Boilermakers, 649
F.2d 1013, 1017 (5th Cir. 1981).[1]

**Motion for Sanctions:**

On September 7, 2007, the Magistrate Judge considered
plaintiffs' motion for sanctions for defendants General Electric
Company (GE) and Global Advantage Distribution, Inc.'s (Global)
failure to attend mediation on August 9, 2007.   The Magistrate
Judge considered defendants' arguments and determined that
defendants' counsel was available with full authority to settle and
that the mediator did not object to proceeding without the parties.
The parties were cautioned that sanctions could be imposed in the
future for failure to appear in person when required.   Plaintiff
argues that the Magistrate Judge erred by declining to impose
sanctions for GE and Global's failure to appear in person at
mediation.

Pursuant to Local Rule 9.05(c), "[u]nless otherwise excused by
the presiding judge in writing, all parties, corporate
representatives, and any other required claims professionals
(insurance adjusters, etc.), shall be present at the Mediation
Conference with full authority to negotiate a settlement.   Failure
to comply with the attendance or settlement authority requirements

---

[1]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.
1981) (en banc) the Eleventh Circuit adopted as binding precedent
all the decisions of the former Fifth Circuit handed down prior to
the close of business on September 30, 1981.

*may* subject a party to sanctions by the Court." M.D. FLA. L.R. 9.05(c)(emphasis added). Additionally, upon recommendation of the mediator, sanctions may be imposed by the Court if a party failed to attend mediation absent good cause shown. M.D. FLA. L.R. 9.05(e). Under the Case Management and Scheduling Order (Doc. #49), "[t]he Court will impose sanctions upon lead counsel and parties who do not attend and participate in good faith in the mediation conference." (Doc. #49, IV.E.3.)

Upon review, the Court finds that the imposition of sanctions were not mandatory, and therefore the Magistrate Judge's decision not to impose sanctions was not clearly erroneous or contrary to the law. Lesser sanctions or requiring a second mediation conference at defendants' cost may have been appropriate alternative, however, lesser sanctions were not sought by plaintiff. The objection will be overruled.

**Motion to Strike:**

On September 7, 2007, the Magistrate Judge denied plaintiff's motion to strike defendant Osram Sylvania, Inc.'s (Osram) motion to compel. The Magistrate Judge noted that the motion was untimely and filed after the discovery deadline, however, no bad faith was found and the motion was filed only two days after plaintiff refused to supplement its answers. Plaintiff argues that the motion to compel was filed 16 days after the discovery deadline

expired, and that decisions in the Middle District of Florida require a finding that the ruling was arbitrary and capricious.

The discovery deadline expired on August 1, 2007, and Osram filed its Motion to Compel (Doc. #84) on August 17, 2007. "The Court may deny as untimely all motions to compel filed after the discovery deadline." (Doc. #46, III.D.; Doc. #49, I.D.)  The Court is clearly not required to deny the motion as untimely and the Magistrate Judge declined to do so in this case.  Additionally, the cases cited by plaintiff are not binding precedent so as to require a motion to be automatically denied based on the timing of the motion.  The Court finds that the Magistrate Judge was not clearly erroneous and the decision was not contrary to the law.  The objection will be overruled.

**Motion to Compel:**

On September 11, 2007, the Magistrate Judge granted in part Osram's motion to compel finding that "[m]erely because the request seeks over 800 invoices does not in itself make the request over broad or too burdensome." (Doc. #103, p. 2.)  The Magistrate Judge also dismissed plaintiff's other objections as to the production of requests 1 and 2, admissions numbers 38 and 39, and interrogatories numbers 7 and 8.  Plaintiff raises the same objections as previously raised, and relies on the Affidavit of Jeffrey A. Cackowski (Doc. #113-2) detailing the burden of production. Plaintiff's burden does not necessitate a finding that the

Magistrate Judge was clearly erroneous or contrary to law. The objection will be overruled.

Accordingly, it is now

**ORDERED**:

1. Plaintiff's Objection to Order (Dkt. 102) of Magistrate Judge Denying Plaintiff Central Transport International, Inc.'s Motion (Dkt. 85) for Sanctions Against General Electric Co. and Global Advantage Distribution, Inc. for Failing to Appear at Mediation is **overruled.**

2. Plaintiff's Objection to Order (Dkt. 102) of Magistrate Judge Denying Plaintiff Central Transport International, Inc.'s Motion (Dkt. 85) to Strike Defendant Osram Sylvania Product's Motion to Compel Discovery Filed 16 Days After Close of Discovery is **overruled.**

3. Plaintiff's Objection to Order (Dkt. 103) of Magistrate Judge Granting in Part Osram Sylvania Product's Motion to Compel Discovery (Dkt. 84) from Plaintiff Central Transport International, Inc. (Doc. #113) is **overruled.**

4. Plaintiff shall comply with the September 11, 2007, Order (Doc. #103) within **fourteen (14) days** of this Order as per the Court's September 26, 2007, Order (Doc. #114).

**DONE AND ORDERED** at Fort Myers, Florida, this ___24th___ day of October, 2007.

_John E. Steele_
JOHN E. STEELE
United States District Judge

-5-

Copies:
Hon. Sheri Polster Chappell
Counsel of record