UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CENTRAL TRANSPORT INTERNATIONAL, INC.,

    Plaintiff/Counterclaim Defendant,

vs.                          Case No. 2:06-cv-401-FtM-29SPC

GLOBAL ADVANTAGE DISTRIBUTION, INC.;
GENERAL ELECTRIC COMPANY; OSRAM
SLYVANIA, INC. ,

    Defendants

OSRAM SYLVANIA, INC. and OSRAM
SYLVANIA PRODUCTS, Inc.

    Counterclaim Plaintiffs.
_____

**OPINION AND ORDER**

    This matter comes before the Court on Defendants' Daubert Motion to Limit the Testimony at Trial of Plaintiff's Purported Expert Witness, Barry S. Rope. (Doc. #98) filed on September 4, 2007. Plaintiff's Opposition (Doc. #107) was filed on September 20, 2007.

    The legal principles governing the admissibility of expert testimony are well settled. Federal Rule of Evidence 702 is the starting point, and provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion

> or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the case.

In Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137 (1999) and Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579 (1993) the Supreme Court held that the trial court had a "gatekeeper" function designed to ensure that any and all expert testimony is both relevant and reliable. The importance of this gatekeeping function "cannot be overstated." United States v. Frazier, 387 F.3d 1244, 1260 (11th Cir. 2004)(*en banc*).

In determining the admissibility of expert testimony under Rule 702, the Court applies a "rigorous" three-part inquiry. Frazier, 387 F.3d at 1260. "Expert testimony is admissible if (1) the expert is qualified to testify on the topic at tissue, (2) the methodology used by the expert is sufficiently reliable, and (3) the testimony will assist the trier of fact." Club Car, Inc. V. Club Car (Quebec) Import, Inc., 362 F.3d 775, 780 (11th Cir. 2004). See also United States v. Hansen, 262 F.3d 1217, 1234 (11th Cir. 2001). "The burden of laying a proper foundation for the admissibility of an expert's testimony is on the party offering the expert, and the admissibility must be shown by a preponderance of the evidence." Hall v. United Ins. Co. Of Am., 367 F.3d 1255, 1261 (11th Cir. 2004). See also McCorvey v. Baxter Healthcare Corp., 298 F.3d 1253, 1256 (11th Cir. 2002). The admission of expert

testimony is a matter within the discretion of the district court, which is accorded considerable leeway in making its determination. Cook ex rel. Tessler v. Sheriff of Monroe County, 402 F.3d 1092, 1103 (11th Cir. 2005); Frazier, 387 F.3d at 1258.

The first requirement for the admissibility of expert testimony is that the expert is qualified to testify competently regarding the matters he or she intends to address. Hansen, 262 F.3d at 1234; City of Tuscaloosa v. Harcros Chems., Inc., 158 F.3d 548, 563 (11th Cir. 1998). Rule 702 permits a person to qualify as an expert based upon knowledge, skill, experience, training, or education. Frazier, 387 F.3d at 1260-61. Reliability is different than believability or persuasiveness, which remains an issue for the trier of fact. Rink v. Cheminova, Inc., 400 F.3d 1286, 1293 n.7 (11th Cir. 2005).

The second requirement, discrete and independent from the witness's qualifications, is reliability. Frazier, 387 F.3d at 1261. While the criteria used to evaluate the reliability of non-scientific, experience-based testimony may vary from case to case, the district court must evaluate the reliability of the testimony before allowing its admission at trial. Id. at 1261-62.

The third requirement for admissibility is that the expert testimony must assist the trier of fact. Thus, "expert testimony is admissible if it concerns matters that are beyond the understanding of the average lay person. . . . Proffered expert

testimony generally will not help the trier of fact when it offers nothing more than what lawyers for the parties can argue in closing arguments." Id. at 1262-63.

Finally, expert testimony which satisfies these three requirements may nonetheless be excluded under Rule 403 if the probative value of the expert testimony is substantially outweighed by its potential to confuse or mislead the jury, or if it is cumulative or needlessly time consuming. Id. at 1263. Additionally, an expert witness may not offer a legal conclusion, but Rule 704(a) provides that an opinion or inference is not objectionable because it embraces an ultimate issue to be decided by the trier of fact. Cook, 402 F.3d at 1112-13 n.8.

Assuming the testimony at trial is consistent with the information proffered in the expert's report and resume, the Court finds that plaintiff has satisfied its burden as to the admissibility of the expert testimony. The Court finds no need to limit the opinions to the "four corners" of the report; all parties are expected to follow the rules without the need of a court order. If counsel feels specific testimony is inadmissible, an objection should be made at trial.

Accordingly, it is now

**ORDERED**:

Defendants' Daubert Motion to Limit the Testimony at Trial of Plaintiff's Purported Expert Witness, Barry S. Rope. (Doc. #98) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __22nd__ day of January, 2008.

                                                                              _____
                                                                              JOHN E. STEELE
                                                                              United States District Judge

Copies: Counsel of record