```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                    FORT MYERS DIVISION
```

CENTRAL TRANSPORT INTERNATIONAL, INC.,

    Plaintiff/Counterclaim Defendant,

vs.                                 Case No. 2:06-cv-401-FtM-29SPC

GLOBAL ADVANTAGE DISTRIBUTION, INC.; GENERAL ELECTRIC COMPANY; OSRAM SLYVANIA, INC.,

    Defendants

OSRAM SYLVANIA, INC. and OSRAM SYLVANIA PRODUCTS, Inc.

    Counterclaim Plaintiffs.
_____

## OPINION AND ORDER

    This matter comes before the Court the following motions: (1) Motion In Limine of Central Transport International, Inc. To Preclude Evidence of Defendant's Damages for Damaged Lighting Products Pursuant to F.R.E. 402, 403, 602, 802 and 1006 (Doc. #124); (2) Counterclaim Plaintiffs' Motion In Limine to Preclude Evidence Regarding the Sale of General Electric-Branded Lighting Products (Doc. #126); and (3) Counterclaim Plaintiffs' Motion In Limine to Preclude Evidence of Non-Contractual Pricing Data (Doc. #127). Responses (Docs. ## 140, 142, 143) were filed to each motion.

The Motion In Limine of Central Transport International, Inc. To Preclude Evidence of Defendant's Damages for Damaged Lighting Products Pursuant to F.R.E. 402, 403, 602, 802 and 1006 (Doc. #124) seeks to preclude Osram and Products from introducing any evidence that in any way relies upon or references prices paid by Lowe's for the new lighting products from the factory. The Court finds that such reference may indeed be relevant to determining the full replacement value, and therefore denies the motion. The Court declines to rule *in limine* on the other evidentiary objections to such evidence, and such objections should be made at trial. The Court simply refuses to exclude the evidence under Rules 402 and 403.

The Counterclaim Plaintiff's Motion In Limine to Preclude Evidence Regarding the Sale of General Electric-Branded Lighting Products (Doc. #126) seeks to exclude evidence of the amount of the recovery obtained on the sale of General Electric-branded light bulbs and lighting products included in the 2004 Lowe's Reset Program. The Court finds that such evidence is not relevant to the issue of full recovery value of the Sylvania-branded products, and that any marginal probative value is greatly outweighed by prejudice and potential jury confusion. The motion is granted.

The Counterclaim Plaintiffs' Motion In Limine to Preclude Evidence of Non-Contractual Pricing Data (Doc. #127) seeks to preclude introduction of pricing data outside of the Transportation

Services Contract.  Central Transportation argues that the data is necessary to show ownership of the goods as required by the phrase "Shipper's goods" in the contract.  The Court has already rejected such an interpretation of the Transportation Contract.  <u>See</u> Opinion and Order, Doc. #136, pp.17-18.  Accordingly the motion will be granted.

Accordingly, it is now

**ORDERED**:

(1) The Motion In Limine of Central Transport International, Inc. To Preclude Evidence of Defendant's Damages for Damaged Lighting Products Pursuant to F.R.E. 402, 403, 602, 802 and 1006 (Doc. #124) is **DENIED**;

(2) The Counterclaim Plaintiff's Motion In Limine to Preclude Evidence Regarding the Sale of General Electric-Branded Lighting Products (Doc. #126) is **GRANTED**; and

(3) The Counterclaim Plaintiffs' Motion In Limine to Preclude Evidence of Non-Contractual Pricing Data (Doc. #127) is **GRANTED.**

**DONE AND ORDERED** at Fort Myers, Florida, this __23rd__ day of January, 2008.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge

Copies: Counsel of record