UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CENTRAL   TRANSPORT   INTERNATIONAL,
INC.,

      Plaintiff/Counterclaim-
      Defendant

vs.                              Case No.  2:06-cv-401-FtM-29SPC

GLOBAL ADVANTAGE DISTRIBUTION, INC.;
GENERAL   ELECTRIC   COMPANY;   OSRAM
SLYVANIA, INC.,

        Defendants.

OSRAM   SYLVANIA,   INC.   and   OSRAM
SYLVANIA PRODUCTS, INC.

      Counterclaim-Plaintiffs.
_____

**OPINION AND ORDER**

_____This matter came before the Court on defendants' Motion for Summary Judgment on Plaintiff's Complaint (Doc. #95) and plaintiff's Motion for Summary Judgment Pursuant to FED. R. CIV. P. 56 (Doc. #97).  The Court granted the motions in part, but withheld entry of judgment until after trial.  (Doc. #136.)  The Court conducted a jury trial from January 23, 2008 through January 31, 2008, which resulted in a jury verdict on the breach of contract claim in favor of counterclaim defendant.

In Count I of its Complaint for Declaratory Judgment (Doc. #1), Central Transport International, Inc. (Central Transport) sought a declaration that GE's Assignment of its contract rights to Sylvania to pursue the claims against Central Transport was invalid and unenforceable.  The Court concluded that the May 11, 2005 Assignment did not violate the non-assignment provision of the Transportation Contract because it did not assign the Transportation Contract, only some claims under the contract. Summary judgment was granted in favor of defendants as to Count I of the Complaint for Declaratory Relief because plaintiff is not entitled to a judgment that GE's Assignment of rights to pursue the claims against Central Transport under the Transportation Contract was invalid, unenforceable, or void.

In Count II of its Complaint for Declaratory Judgment, Central Transport sought a declaration that the nine month period in which GE could file a claim against Central Transport arising from its transport of GE's light bulbs and related products has expired, and having failed to satisfy this condition precedent for recovery, there can be no recovery for any of the claims for alleged damage to freight by GE (Count II).  (Doc. #1, p. 5.)  The Court found that because the Assignment was not invalid, unenforceable, or void, GE did not have and could not assert a claim against Central Transport, and defendants were entitled to summary judgment as to Count II.  Since there could be no claim by GE, there is no

controversy as to this condition precedent as it relates to GE, and no declaratory judgment is warranted.

As to Count III, of its Complaint for Declaratory Judgment, Central Transport sought a declaration that the nine month period in which Sylvania could file a claim against Central Transport arising from its transport of the light bulbs and related products has expired, and having failed to satisfy this condition precedent for recovery, there can be no recovery for any of the claims for alleged damage to freight by Sylvania even if the Assignment is valid.  (Doc. #1, p. 6.)  The Court found there were disputed factual matters, and summary judgment was denied.

In Count IV of its Complaint for Declaratory Judgment, Central Transport sought a declaration that Global's freight claims were invalid because Global lacked standing to submit freight damage claims to Central Transport under the terms of the Transportation Contract because of an assignment gap between Osram Sylvania, Inc. and Osram Sylvania Products, Inc.  (Doc. #1, p. 6.)  The Court found there were disputed factual issues which precluded summary judgment as to Count IV.

In Count V of its Complaint for Declaratory Judgment, Central Transport sought a declaration that Global's freight claims are without merit and unenforceable because damage to the subject freight was due primarily, if not solely, to the actions of Global's personnel. (Doc. #1, p. 8.)  The Court found the record did not establish that the damage was solely or primarily due to

Global's personnel, and that even if Global's personnel caused some of the damage, it would not render all claims completely unenforceable. The Court found plaintiff was not entitled to the declaration, and summary judgment was granted in favor of defendants.

In Count VI of its Complaint for Declaratory Judgment, Central Transport sought a declaration that Global has filed false and groundless claims; that Global misrepresented the value of the freight; that the freight was inadequately boxed; and that Central Transport is entitled to recover damages from Global relating to these claims. (Doc. #1, p. 8.) The Court found a number of material factual disputes which precluded summary judgment.

In Count VII, Central Transport sought a declaration that GE is required to indemnify Central Transport for any and all damages assessed against Central Transport arising from GE's breach of the Transportation Contract, i.e., its invalid assignment of the Transportation Contract. (Doc. #1, p. 9.) The Court found that because the Assignment was not a breach of the Transportation Contract, no basis had been shown under the Transportation Contract for indemnification. Summary judgment on Count VII was entered in favor of defendants.

Sylvania's Second Amended Counterclaim (Doc. #59) against Central Transport alleged negligence, in Sylvania's capacity as owner of the damaged property (Count I); negligence, in Sylvania's capacity as assignee of GE (Count II); breach of the Transportation

Contract as the actual and intended assignee of GE (Count III); negligence, in Sylvania's capacity as principal of its agent Global (Count IV); and violation of the Carmack Amendment (Count V). The Court granted summary judgment in favor of defendants on the Second Amended Counterclaim as to Counts I, II, IV, and V, leaving only the breach of contract claim in Count III.

Count III was tried before a jury, which found no breach of the contract and returned a verdict in favor of Central Transport. (Doc. #170). In a second verdict as to the declaratory judgment, the jury found that Global had not filed false and groundless claims for damage, but had misrepresented the value of the freight for which it filed claims for damage with Central Transport. (Doc. #171.)

Counts III, IV, and VI of the Complaint for Declaratory Judgment will be dismissed. In light of the jury verdict finding no breach of contract, there is no longer a case or controversy, as required by 28 U.S.C. § 2201, as to whether the claims were timely, or Global lacked standing to file the claims, or if the claims were false, groundless, or misrepresented. See Spencer v. Kemna, 523 U.S. 1, 7 (stating that the "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.")

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

1.   Pursuant to the Court's Opinion and Order (Doc. #136) of December 17, 2007, the Clerk of the Court shall enter Judgment as follows:

(A)  Summary judgment is granted in favor of defendants as to Count I of the Complaint for Declaratory Relief (Doc. #1) finding that General Electric Co.'s Assignment of rights to pursue the claims against Central Transport under the Transportation Contract was not invalid, unenforceable, or void.

(B)  Summary judgment is granted in favor of defendants as to Count II of the Complaint for Declaratory Relief (Doc. #1) because the Assignment was not void; GE did not have or assert a claim against Central Transport, having assigned that right to Osram Sylvania, Inc.; and since there could be no claim by GE, there is no controversy as to condition precedents as it relates to GE.

(C)  Summary judgment is granted in favor of defendants as to Count V of the Complaint for Declaratory Relief (Doc. #1) because the record did not establish that the damage was solely or primarily due to Global's personnel, and even if Global's personnel caused some of the damage, it would not render all claims completely unenforceable.

(D)  Summary judgment is granted in favor of defendants as to Count VII of the Complaint for Declaratory Relief (Doc. #1) because the Assignment was not a breach of the

Transportation Contract, and there was no basis shown under the Transportation Contract for indemnification.

(E)  Summary judgment is granted in favor of defendants as to Counts I, II, IV, and V of the Second Amended Counterclaim (Doc. #59).

2.  Pursuant to the jury's verdict, Judgment shall enter in favor of counterclaim defendants and against counterclaim plaintiffs as to Count III of the Second Amended Counterclaim (Doc. #59), and counterclaim plaintiffs shall take nothing.

3.  Pursuant to this Opinion and Order, the Clerk of the Court shall enter Judgment as follows:

(A)  Judgment is entered in favor of defendants as to Count III of the Complaint for Declaratory Relief (Doc. #1) because there is no case or controversy as to the timeliness of claims after the jury verdict finding there was no breach of contract.

(B)  Judgment is entered in favor of defendants as to Count IV of the Complaint for Declaratory Relief (Doc. #1) because there is no case or controversy as to Global's standing after the jury verdict finding there was no breach of contract.

(C)  Judgment is entered in favor of defendants as to Count VI of the Complaint for Declaratory Relief (Doc. #1) because there is no case or controversy as to Global's false statements or misrepresentations

-7-

concerning claims after the jury verdict finding there
was no breach of contract.

**DONE AND ORDERED** at Fort Myers, Florida, this __5th__ day of
February, 2008.


JOHN E. STEELE
United States District Judge


Copies:
Counsel of record
DCCD